**Jaime GUILLEMARD–NOBLE, Plaintiff,**

v.

**Carlos SANCHEZ–RODRIGUEZ, et al., Defendants.**

**Civil No. 94–1961 (PG).**

United States District Court, D. Puerto Rico.

July 17, 1996.

Alberto Santiago–Villalonga, José Fernández–Seín, San Juan, P.R., for Plaintiff.

Julián R. Rivera–Aspinall, Otero Suro & Otero Suro, Hato Rey, Puerto Rico, for Carlos Sánchez–Rodríguez.

Demetrio Fernández Quiñones, San Juan, Puerto Rico, for C.B. Imports, Horacio Campolieto and Dinorah Parras.

E. Vázquez Otero, Vázquez & Suárez, Rio Piedras, Puerto Rico, for ECONI.

Alfonso Miranda Cárdenas, Miranda Cárdenas & Córdova, San Juan, Puerto Rico, for PRAICO.

José L. Delgado Cadilla, Castro, Delgado Cadilla & Ramos, San Juan, Puerto Rico, for P.R. Aqueduct & Sewer Authority.

José M. Torres Morales, San Juan, Puerto Rico, for the Municipality of San Juan.

Pedro Lugo Frank, San Juan, Puerto Rico, for the Municipality of San Juan.

Vicente Santori Coll, San Juan, Puerto Rico, for Johnny Carreras, d/b/a J.C. Plumbing and Coop. Seguros Múltiples.

Herman W. Colberg, Old San Juan, Puerto Rico, for Antilles Insurance Company.

Madeline Rifkohl Gorbea, Puerto Rico Electric Power Authority, Legal Department, San Juan, Puerto Rico, Pedro Santiago–Torres, Santurce, Puerto Rico, for Puerto Rico Electric Power Authority.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Before the Court is a motion for summary judgment filed by co-defendants C.B. Imports Transamerica, and its proprietor, Horacio Campolieto, as well as Campolieto's wife and the conjugal partnership existing between them (hereinafter referred to collectively as "C.B. Imports"). For the reasons stated herein, the motion is **DENIED.**

Summary judgment, of course, is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The following rendition of the facts is presented in the light most favorable to the plaintiff, and is derived primarily from plaintiff's Statement of Disputed Issues of Material Facts. *See Woodman v. Haemo-*

*netics Corp.*, 51 F.3d 1087, 1091 (1st Cir. 1995).

### Facts

The events precipitating this law suit began in early 1992, when C.B. Imports contracted with codefendant Empresa Constructora Insular, Inc. (ECONI) (not a party to this motion) to construct a building on the Robert H. Todd Road in Santurce, Puerto Rico. Though ECONI was the primary contractor for the job, C.B. Imports supervised the project through its two employees, José Cabiya Morales, the project's architect, and Eduardo Risso, C.B. Imports' project manager.

On July 9, 1993, ECONI subcontracted with yet another co-defendant, J.C. Plumbing, to perform all the necessary plumbing on the project. As with all other aspects of the project, the plumbing was carried out in accordance with the plans prepared by C.B. Imports. Because of the nature of the work, coordination was required with both the Puerto Rico Department of Transportation and Public Works, and with the Puerto Rico Aqueduct and Sewer Authority (PRASA). The necessary permits were applied for and obtained by C.B. Imports, not by Econi nor J.C. Plumbing.

In the morning of July 17, 1993, J.C. Plumbing began excavation on or adjacent to the Todd Road, in order to establish the necessary sewer and water connections. The work created a mound of dirt that jutted into the far-most right hand, Santurce-bound, lane of the Todd Road. Unfortunately, the hole was not refilled after the work was completed, nor were any security measures taken to warn on-coming traffic of the impending obstacle in the road.

The tragic accident occurred at approximately 1:30 a.m. that night. Two cars, one driven by co-defendant Carlos Sánchez and the other by Enrique Vázquez, were traveling at excessive rates of speed on the Todd Road toward Santurce. Sánchez' car, driving in the right hand lane, struck the mound, which acted as a ramp, hurling the car into the on-coming (Guaynabo-bound) lanes of traffic and onto a Nissan Pathfinder, in which plaintiff was a passenger. The Pathfinder was sent careening into the on-coming (Santurce-bound) lanes and was struck by the car driven by Vázquez. The driver of the Pathfinder was killed instantly. Plaintiff was pulled from the wreck, and spent the next ten days in a coma. Plaintiff suffered permanent disability as a result of his injuries.

### Controlling Law

This tort claim is heard in federal court due to the diversity of state citizenship between the parties. The substantive law of Puerto Rico's negligence statute, § 1802 of the Civil Code, codified at 31 L.P.R.A. § 5141, controls the Court's adjudication of this matter.

C.B. Imports' motion for summary judgment is not a model of clarity. The primary argument seems to be that it should not be held liable because the work at issue was performed by independent contractors. C.B. Imports also argues that the accident and plaintiff's injuries were not reasonably foreseeable.

Prior to the Puerto Rico Supreme Court's decision in *Martínez v. Chase Manhattan Bank*, 108 D.P.R. 515 (1979), the Puerto Rico courts applied a rule that generally immunized employers from the negligence of their independent contractors. In *Martínez*, however, the Court expressly rejected that "restrictive concept," *Id.* at 518–19, in favor of the following approach: "The persons who directly or indirectly hire an independent contractor shall be held jointly liable for the negligent harm caused by the latter in the performance of the work if said harm is a risk foreseeable by the employer." *Id.* at 522 (8 Official Translation 542, 547). In other words, the ordinary rules of negligence liability apply to the employer of an independent contractor. *Cruz Ruiz v. Gobierno Municipal de Cataño*, 92 J.T.S. 130 at 9984.

At the same time, *Martínez* posited the following qualification: "The contractor's employer is not held liable for the latter's *ordinary negligence* resulting in damages to a third person, nor for failing to follow the *routine precautions* which a careful contractor should ordinarily take." *Id.* (8 Official

Translation at 547–48) (emphasis supplied). With this language apparently in mind, C.B. Imports asserts that, "[t]he alleged damages were due to the fact that the subcontractor did not take the *routine precautions* that must be taken when the installation of a water tap is involved. The accident, as alleged, constitutes *ordinary negligence* which cannot attach liability on the appearing codefendants" (sic). C.B. Imports' Brief at 13 (emphasis supplied).

The above quoted language from *Martínez*, however, is directly followed by the following clarification which C.B. Imports omits from its brief: "The employer's liability is concerned with 'special risks, peculiar to the work to be done, and arising out of its character, or out of the place where it is to be done, against which a reasonable man would recognize a necessity of taking special precautions.' " *Id.* at 522–23 (8 Official Translation at 548) (quoting *Restatement of the Law*, Torts 2d, § 413 at 385–86).

The ordinary negligence doctrine was further clarified in the subsequent case of *Cruz Ruiz v. Gobierno Municipal de Cataño*, 92 J.T.S. 130. In *Cruz Ruiz*, the city of Cataño contracted to clear out a vacant lot. A subcontractor-truck driver, while driving back to the lot from the city dump, hit and injured a young boy. The boy brought suit against the truck driver, his employer, the general contractor, and based on *Martínez*, the City of Cataño.

Upon review of the superior court's imposition of liability against the city, the Puerto Rico Supreme Court reversed. The Court found that the clearing of the vacant lot was not, in itself, a "special risk," such that the city should have known that particularized precautions would be required to safeguard pedestrians from its contractors. Rather, the Court found that the accident was attributable to the "ordinary negligence" of the subcontractor, and was the "type of negligence for which the employer is not required to answer for his independent contractor." *Id.* at 9985 (district court's translation).

■ Thus, the "ordinary negligence" doctrine is essentially a variant of the "adequate cause" doctrine adapted to the particulars of the employer-independent contractor relationship. *See Miranda v. E.L.A. de Puerto Rico*, 94 J.T.S. 152 at 523–24 (on adequate cause generally). The doctrine simply provides that an employer cannot be held liable for his contractor's negligence when it is not fairly or directly attributable to the contracted-for work. The employer is only liable to the extent the alleged negligence "aris[es] out of the work itself," *Martínez*, 108 D.P.R. at 523, and is the sort of risk for which the employer should be expected to take particular precautions.

### Discussion

■ In the case at hand, C.B. Imports "indirectly" hired J.C. Plumbing, as the firm was ECONI's subcontractor. Thus, conventional negligence analysis controls the determination of C.B. Imports' liability. Based on the proffered evidence, a reasonable jury could make the following factual determinations:

(1) The entire project was performed according to plans drawn up by C.B. Imports, and under the supervision of a C.B. Imports employee.[1] C.B. Imports applied for the necessary permits and therefore knew the precise nature of the work being done. Thus, C.B. Imports knew that part of the Todd Road would be excavated in order for the plumbing to be installed.

(2) C.B. Imports should, therefore, have foreseen that the project posed a potential danger to traffic in the Todd Road.[2] The

---

**1.** These allegations suggest that a jury could reasonably find C.B. Imports liable through *respondeat superior*, as ECONI and J.C. Plumbing may not have had the independence normally associated with an independent contractor. *See Cruz Ruiz*, 92 J.T.S. 130 at 9983.

**2.** C.B. Imports' assertion to the contrary notwithstanding, it is entirely irrelevant that C.B. Imports was unable to "visualize" the particular

risk that caused the accident. *See* C.B. Imports' Brief at 12–13. As the Puerto Rico Supreme Court has stated, "the rule of foreseeability does not mean that the precise risk or the exact result which was encountered should have been foreseen. The essential factor is to be under the duty to foresee, in a general way, consequences of a particular type. It is no defense to allege that the precise course or the full extent of the consequences could not be foreseen. . . ." *Ginés v.*

excavation of the road was the "special risk" that caused plaintiff's injuries. This suggests that J.C. Plumbing's conduct was not the sort of "ordinary negligence" from which C.B. Imports should be immunized.

(3) Because the mound, which was the foreseeable product of the excavation, was the actual cause of the accident and plaintiff's injuries, liability can fairly be attributed to C.B. Imports.

These considerations suggest that C.B. Imports' motion (**Dkt. # 128**) must be **DENIED.**

**IT IS SO ORDERED.**

*Aqueduct and Sewer Authority,* 86 P.R.R. 490, 496 (1962).